**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**56 ASSOC. and 57 ASSOC.**
**Appellants**

**vs.**

**JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE OF ARNOLD KILBERG**
**Appellee**

**C.A. 1:07-CV-00260-L**

**ON APPEAL** From The United States Bankruptcy Court For The District of Rhode Island

# BRIEF OF APPELLANTS

Richard A. Licht (# 0657)
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1225; Fax: (401) 456-1210
rlicht@tllaw.com

William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
Tel: (401) 272-5520; Fax: (401) 272-5501
wdelaney@rc-legal.com

# TABLE OF CONTENTS

| | | Page |
|---|---|---|
| TABLE OF AUTHORITIES | | i, ii |
| I. | STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION | 1 |
| II. | STATEMENT OF ISSUE | 1 |
| III. | STATEMENT OF THE CASE | 1 |
| IV. | SUMMARY OF ARGUMENT OF APPELLANTS | 3 |
| V. | ARGUMENT OF APPELLANTS | 4 |
| VI. | CONCLUSION | 6 |
| VII. | RESERVATION OF RIGHT OF APPELLANTS TO FILE SUPPLEMENT TO BRIEF | 6 |
| VIII. | CERTIFICATE OF COMPLIANCE WITH RULE 32(a) | 7 |

# TABLE OF AUTHORITIES

## FEDERAL AND STATE STATUTES, RULES AND REPORTS

| | |
|---|---|
| 28 U.S.C. § 157 | passim |
| 28 U.S.C. § 158(a)(i) | passim |
| 28 U.S.C. § 1334(a) | passim |
| 11 U.S.C. §363(h) | passim |
| Fed. Bankr. R. 8013 | passim |

## CASES

In re Van Daam, 1992 WL 12014468 (D. R.I. 1992) 5

Frusher v. Baskin-Robins Ice Cream Company, 43 F. 3d 1456 (1st Cir. R.I. 1994) 5

## BOOKS, PAMPHLETS, TREATISES

1 Collier on Bankruptcy, ¶5.11 (15th ed. rev. 2001) 5

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

Appellants 56 Assoc., a Rhode Island limited liability partnership and 57 Assoc., a Rhode Island limited liability partnership, respectfully assert that within the relevant appeals period under the United States Bankruptcy Rules, they filed their appeal to the Order of the United States Bankruptcy Court for The District of Rhode Island (the "Bankruptcy Court"), dated and entered on June 29, 2007 (the "Order") and elected to 'opt out' of appealing the Order to the United States Bankruptcy Appellate Panel for the First Circuit by filing their appeal before the United States District Court for the District of Rhode Island. Jurisdiction lies in United States Code, Titles 11, 28 U.S.C. §§ 157, 158(a)(i) and 1334(a).

## STATEMENT OF ISSUE

Did the Bankruptcy Court err in its findings and relief as set forth in the Order?

## STATEMENT OF THE CASE

A. Nature of the Case

Appellants appeal the Order to this Court from the Bankruptcy Court's order to permit the sale by the Appellee of all of the interests to 165 Angell Street, Providence, Rhode Island (the "Property"), under 11 U.S.C. §363(h).

B. Statement of Facts

There was no Joint Pretrial Order between the parties filed with the Bankruptcy Court. On May 23, 2007, the Appellee filed a Motion to Compel the Appellants to Arrange for Full Access of the Property (the "Motion"). The Appellants will make no subjective comments in this Brief concerning the particulars of the pleadings which led up to the Order entered by the Bankruptcy Court.

On June 5, 2007, the Appellants filed an objection to the Motion (the "Objection"). On June 6, 2007, the Appellee responded to the Objection. A hearing on the Motion was scheduled by the Bankruptcy Court for June 27, 2007 (the "Hearing").

On June 27, 2007, the Hearing commenced with counsel for the parties present, who presented argument. The Bankruptcy Court recessed the Hearing until later in the afternoon at which time the Bankruptcy Court ordered the Appellee, and Joseph R. Paolino, Sr., a limited partner of one of the Appellants, to appear to testify ("Paolino").

At the continuation of the Hearing, counsel provided argument to the Bankruptcy Court and the Appellee and Paolino provided extensive testimony. During Paolino's testimony, the Bankruptcy Court terminated the Hearing and ordered the Appellants to obtain and turn over a copy of the keys to all of the units comprising the Property to the Appellee. Within a day or so, a copy of the keys in the possession of the Appellants were tendered to the Appellee. On June 29, 2007, the Order was entered; the Order found that the Appellee clearly established that the Appellants "had intentionally interfered with and hindered the Appellee in his efforts to adequately market the Property". Order, at p. 1. In addition, the Bankruptcy Court found and concluded that the estate "should not have to bear the cost of this frivolous and unnecessary litigation". Id. Further, the Appellants were ordered to "provide and coordinate access for the Appellee to show the Property to prospective purchasers and tenants, without imposing arbitrary and obstructionist conditions". Id., at p. 2. Finally, the Appellee was "awarded his costs and fees for having to prepare and file the Motion and to litigate the Hearing, which Hearing was terminated *sua sponte* by the Court after it become obvious that the Defendants were just wasting time" [emphasis in the original]. Id. The Order permitted/provided the Appellants, "upon receipt

of the Appellee's bill for services rendered relative to the Motion and the Hearing, to either pay the same *forthwith* [emphasis in the original] to the Appellant or file an objection and memorandum detailing why such fees and costs are unreasonable". Id. On July 7, 2007, the Appellants filed their Notice of Appeal.

**SUMMARY OF ARGUMENT OF THE APPELLANTS**

It is very unfortunate that death of the debtor has done nothing to eliminate the repercussions which continue to pervade those associated with him concerning the administration of the debtor's bankruptcy estate.

The Appellants have been singled out in the adversary proceeding which was commenced against them by the Appellee, in his capacity as the trustee of the debtor in order to administer the debtor's undivided one-half interest in the Property. During the debtor's life, he did not manage the Property for any period of time over the approximate twenty (20) years that the debtor along with the Appellants held their undivided interests in the Property. During that entire period, the Appellants, and particularly Paolino, one of the limited partners of the Appellants, bore the administrative responsibilities for managing the Property.

The Order finds that the Appellants have "intentionally interfered with and hindered the Trustee in his efforts to adequately market the Property." Testimony had been adduced at the Hearing which indicated that in fact the Appellants, and Paolino in particular, had consistent cooperated with the Appellee in assisting him in the marketing of his undivided one-half interest in the Property.

The Appellants realize the likelihood of this Court reversing the Order is an uphill battle; nevertheless, the Appellants wish to present their argument in full that for all practical times

leading up to and including the filing of the Motion, they attempted to provide assistance consistent with that as previously extended to the Appellee relative to administering the bankruptcy estate's undivided one-half interest in the Property. The failure of the Bankruptcy Court to permit the Appellants to complete their testimony and argument on the Motion at the Hearing was problematic to the issuance of the Order under Bankruptcy Rule 8013.

**ARGUMENT OF APPELLANTS**

1. *Bankruptcy Rule 8013 is dispositive concerning the issues raised on the Bankruptcy Court's decision to award attorneys' fees.*

Bankruptcy Rule 8013 states in pertinent part:

> "On an appeal the district court or bankruptcy appellant panel may affirm, modify, or reverse a bankruptcy judge's judgment, order or decree over man with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."

The Appellants submit a literal reading of Bankruptcy Rule 8013, the findings of the Bankruptcy Court in the Order should be set aside because the Appellants were not permitted to conclude their testimonial evidence at the Hearing.

The Bankruptcy Court scheduled and began the Hearing on the Motion; the parties ordered by the Bankruptcy Court to appear at the continuance of the Hearing later in the day were present as were counsel. With all due respect to the Bankruptcy Court, during the examination of Paolino, the Bankruptcy Court terminated the Hearing partially through his testimony and ordered the Appellants to cause to immediately turn over the keys to the Property in the possession, custody and control of the Appellants in order to permit the Appellee to market the Property.

It was improper for the Bankruptcy Court to terminate the Hearing while the Appellants were putting on their case. The Bankruptcy Court should have allowed Paolino to conclude his testimony and permit final argument by each of the counsel relative to the relief sought by the Appellee and the objection thereto by the Appellants. This was not done; the Appellants submit they were deprived of their rights to present testimony supporting their objection to the relief requested by the Appellee. Therefore, the findings set forth in the Order are 'clearly erroneous' and incapable of standing muster under Bankruptcy Rule 8013 and must be stricken; to hold otherwise would wreck havoc upon the bankruptcy system as we know it. Therefore, the Appellants urge this Court to reverse the Order. See, 1 Collier on Bankruptcy, ¶5.11 (15th ed. rev. 2001); In re Van Daam, 1992 WL 12014468 (D. R.I. 1992); Frusher v. Baskin-Robins Ice Cream Company, 43 F. 3d 1456 (1st Cir. R.I. 1994).

2. *The testimony adduced at the Hearing was inconsistent with the findings of the Order, notwithstanding that the Hearing was terminated by the Bankruptcy Court short of the Appellants completing their arguments.*

The Appellants, owners of the Property with the debtor in excess of twenty (20) years, have been responsible for the management of the Property for the entire period. Subsequent to the commencement of the debtor's case, the Appellants had cooperated with the Appellee concerning the Property, and had remitted periodic income from operations to the Appellee.

Paolino's testimony at the Hearing was consistent with that of a manager of a commercial property. His testimony provided the Bankruptcy Court with the impression that he had either direct access to each of the tenants of the Property or recommended times to meet with the tenants. During the time from the inception of the debtor's case up to the present, the Appellee

has not expressed any concerns as to the management of the Property by Paolino on behalf of the Appellants.

What is problematic to the particulars of this appeal as well as the debtor's case is the fact that administration of the debtor's bankruptcy case has been quite difficult at best. Frustrations not only between the parties to this appeal but that of hundreds of interested parties in the debtor's case have caused tensions to continue to boil over the years. Unfortunately in this appeal, cooler minds should have prevailed and the Motion should never have been filed. However, it was, and the parties had to deal with it.

The Order is deficient due to the reasons set forth above; therefore, this Court must reconsider its import. While it is difficult for the Appellants to present a more substantive argument concerning whether the actions of the Bankruptcy Court were inconsistent to the level of being 'clearly erroneous' under Bankruptcy Rule 8013, nevertheless, the Appellants believe that it is important for this Court to delve into the record, review the pleadings and arrive at its own conclusion as to the propriety of the Order.

## CONCLUSION

For the reasons set forth above, the Appellants respectfully request that the Order be reversed.

## RESERVATION OF RIGHT OF THE APPELLANTS TO FILE SUPPLEMENT TO BRIEF

The Appellants reserve the right to supplement their brief should events so warrant.

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

*Certificate of Compliance with Type-Volume Limitation,*
*Typeface Requirements, and Type Style Requirements*

1. This brief complies with the type-volume Limitation of Fed. R. App. P. 32(a)(7)(B) because this brief uses a monospaced typeface and contains 318 number lines of text.

2. This brief complies with typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a monospaced typeface using the WordPerfect 9.0 program with 12 characters per inch in Times Roman type style.

APPELLANTS
By their Attorneys,

/s/Richard A. Licht
Richard A. Licht (# 0657)
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903
Tel: (401) 456-1225; Fax: (401) 456-1210
rlicht@tllaw.com
November 2, 2007

/s/William J. Delaney
William J. Delaney (#3643)
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, Rhode Island 02903
Tel: (401) 272-5520; Fax: (401) 272-5501
wdelaney@rc-legal.com
November 2, 2007

CERTIFICATION

I hereby certify that on this 2nd day of November, 2007, a true and accurate copy of the within Brief was filed electronically with this Court and to the following using the CM/ECF System: Joseph M. DiOrio, Esq. and Gardner J. Palmer, Jr., Esq.

/s/ William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;454099;2