**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**56 ASSOC. and 57 ASSOC.**
**Appellants**

**vs.**

**JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE OF ARNOLD KILBERG**
**Appellee**

**C.A. 1:07-CV-00260-L**

**ON APPEAL** from the United States Bankruptcy Court for the District of Rhode Island

# BRIEF OF APPELLEE

Joseph M. DiOrio (#2616)
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903
401 632-0911
401 632-0751 Fax
jmdiorio@dioriolaw.com
ghpalmer@dioriolaw.com

## TABLE OF CONTENTS

**I. Statement of the Issues and Standard of Review** .......... 1

**II. Statement of the Case** .......... 1

A. Nature of the Case, Course of Proceedings and Disposition Below .......... 1

B. Statement of Facts .......... 2

**III. Argument of Appellee** .......... 3

A. The Bankruptcy Court correctly concluded that Appellants improperly interfered with and hindered Appellee in his efforts to show the Property .......... 3

B. The Bankruptcy Court did not commit clean error in terminating the witness's testimony because the Court has discretion to exercise control over the manner and mode of interrogating witnesses so as to avoid needless consumption of time .......... 3

C. Bankruptcy Rule 8013 provides that reviewing courts should give "due regard" to the opportunity of the Bankruptcy Court to assess the credibility of witnesses .......... 4

D. Appellants neither preserved nor provided a sufficient record to sustain this appeal .......... 5

**IV. Conclusion** .......... 6

## APPENDIX

Exhibits introduced at June 27, 2007 Hearing at US. Bankruptcy Court before Judge Votolato regarding "Motion to Compel Access" .......... A-01

Motion to Compel Access dated May 23, 2007 .......... A-06

Objection and Memorandum to Compel Defendants to Arrange for Full Access to the Property dated June 5, 2007 .......... A-13

Trustee's Reply to Defendants' Objection to Motion to Compel Defendants to Arrange for Full Access to Property dated June 6, 2007 .......... A-16

Judge Votolato's Order dated June 27, 2007 .......... A-18

Judge Votolato's Order dated June 29, 2007 .......... A-19

Trustee's Letter to William Delaney dated July 5, 2007 enclosing bill for services rendered in connection with Motion to Compel Access .......... A-21

Objection to Trustee's Bill for Services Rendered and Memorandum in Support therein dated July 5, 2007 .......... A-25

Order Denying Defendants' Objection to Trustee's Bill for Services .......... A-28

# TABLE OF AUTHORITIES

## CASES

*Beech Aircraft Corp. v. Rainey*, 488 U.S. 153 (1988) .......... 5

*Kelley v. Airborne Freight Corp.*, 140 F.3d 335 (1st Cir. 1998) .......... 4

*In re G.S.F. Corp.*, 938 F.2d 1467 (1st Cir. 1991) .......... 5

## FEDERAL STATUTES, RULES AND REPORTS

11 U.S.C. §363(h) .......... 1
Bankr. R. 8006, 8007 .......... 6
Bankr. R. 8013 .......... 4,5
Bankr. R. 9017 .......... 3
Fed. R. Evid. 611(a) .......... passim
LC Gen. 109(f)(6) .......... 6
Rule 103(a)(2) .......... 5

## I. STATEMENT OF THE ISSUES AND STANDARD OF REVIEW

Whether the Bankruptcy Court was clearly erroneous in ordering Appellants to provide Appellee with keys to certain real property co-owned by them to show the property to prospective purchasers.

Whether the Bankruptcy Court improperly terminated Appellants' witness's testimony after the Court determined further testimony would constitute judicial waste.

The standard of review applied to the factual findings of a Bankruptcy Court is clear error. Legal conclusions of a Bankruptcy Court are reviewed *de novo*.

## II. STATEMENT OF THE CASE

### A. Nature of the Case, Course of Proceedings and Disposition Below

The proceeding below was a hearing before the Honorable Arthur N. Votolato on Appellee's Motion to Compel Defendants to Arrange for Full Access to the Property (the "Motion") brought by Appellee, Joseph M. DiOrio, the Chapter 7 Trustee of Arnold Kilberg, against Appellants, 56 Assoc. and 57 Assoc. Appellants and Appellee are the co-owners of property located at 165 Angell Street, Providence, Rhode Island (the "Property"). Appellee filed a complaint on February 29, 2005 against Appellants seeking to sell Appellee's and Appellants' interests in the Property under 11 U.S.C. §363(h). Appellee filed the Motion on May 23, 2007. The Bankruptcy Court entered an Order on June 27, 2007 ordering Appellants to deliver to Appellee copies of keys to all tenants' premises to facilitate inspection of the Property by prospective purchasers. The Bankruptcy Court issued a further Order on June 29, 2007 awarding Appellee his fees and costs because Appellants' intentional interference with and hindrance of Appellee in his efforts to market the Property necessitated the Motion.

**B. Statement of Facts**

On May 23, 2007, Appellee filed the Motion seeking the Court's assistance to compel Appellants' cooperation to arrange and facilitate full access to the Property after several attempts to obtain Appellants' cooperation without court assistance proved unsuccessful. *App. 6-12*. On June 5, 2007 the Appellant's filed an objection to the Motion and the Appellee responded on June 6, 2007. *App. 13*-17. A hearing was held on June 27, 2007.

At the hearing, the correspondence between counsel which chronicled Appellee's efforts to enlist the aid of Appellants to set up a property inspection for a prospective purchaser was introduced as exhibits. *App. 1-5* . The Bankruptcy Court also heard testimony from Appellee and from Joseph R. Paolino, Sr., principal of one of the Appellants. After initial argument, review of the exhibits and hearing testimony from Appellee and Mr. Paolino, the Bankruptcy Court terminated the hearing, *sua sponte*, and ordered Appellants to turn over the keys to the property to Appellee. *App. 18*.

The Bankruptcy Court entered a further order on June 29, 2007 which contained the following findings:

1. Appellee clearly established that Appellants "intentionally interfered with and hindered the Trustee in his efforts to adequately market the property." *App. 19*.

2. Appellee had "no alternative but to file and prosecute the [Motion] to gain access to the premises." *App. 20.*

3. "[T]he estate should not have to bear the cost of this frivolous and unnecessary litigation." *App. 19.*

## III. ARGUMENT OF APPELLEE

### A. The Bankruptcy Court correctly concluded that Appellants improperly interfered with and hindered Appellee in his efforts to show the Property.

The Bankruptcy Court had ample evidence before it that Appellants, as managers of the Property, had failed to cooperate with Appellee to permit inspection of the Property. The correspondence alone, admitted as full exhibits, established Appellants' lack of cooperation. That correspondence demonstrates that Appellee (a) sought Appellants' cooperation, (b) was denied, (c) asked Appellants to reconsider their position to avoid a motion and (d) then made a further request for cooperation after filing the motion, indicating that Appellee would withdraw the motion if cooperation was forthcoming. The Bankruptcy Court also had before it the testimony of Appellee, as trustee, who further explained his efforts to obtain Appellants' cooperation. Finally, as Appellants acknowledge in their brief, Mr. Paolino provided "extensive testimony" on the issue. *Appellants' Brief at 2.*

After hearing argument of counsel, reviewing the exhibits and considering the testimony of the witnesses, the Bankruptcy Court terminated the hearing and ordered Appellants to supply keys to Appellee so that Appellee could arrange for his own inspections due to Appellants' lack of cooperation. The Bankruptcy Court's conclusions were supported by substantial evidence.

### B. The Bankruptcy Court did not commit clear error in terminating the witness's testimony because the Court has discretion to exercise control over the manner and mode of interrogating witnesses so as to avoid needless consumption of time.

Courts have discretion to control the manner and mode of witness testimony. The Federal Rules of Bankruptcy Procedure incorporate the Federal Rules of Evidence. *Bankr. R. 9017*. Federal Rule of Evidence 611(a) governs the mode and order of the interrogation of a witness:

> Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

This rule expressly provides that it is the within court's discretion to control the length and amount of testimony to "avoid needless consumption of time." *Fed. R. Evid. 611(a)*. Moreover, the First Circuit has held that, under Rule 611(a), it is within the court's discretion to limit testimony when the Court is "frustrated by the extremely slow pace of the trial and [the defendant's] circuitous presentation of evidence." *Kelley v. Airborne Freight Corp.*, 140 F.3d 335, 347 (1st Cir. 1998). In its June 29, 2007 Order, the Bankruptcy Court expressly stated its finding that Mr. Paolino, through his testimony, was simply "wasting time." *App. 20*. The Court was within the bounds of its discretion in making this determination.

Appellants have not submitted the transcript of the June 27, 2007 hearing to this Court to show how the Bankruptcy Court allegedly abused its discretion in controlling the hearing. Nor have Appellants explained how further testimony from Mr. Paolino would have been beneficial to Appellants' position or to the Bankruptcy Court. Accordingly, Appellants have failed to show that the Bankruptcy Court was clearly erroneous in finding that the testimony of Mr. Paolino was a needless consumption of time.

**C. Under Bankruptcy Rule 8013, reviewing courts give "due regard" to the opportunity of the Bankruptcy Court to assess the credibility of witnesses.**

Appellants assert that the Bankruptcy Court's findings should be set aside under Bankruptcy Rule 8013 because they were not permitted to conclude their testimonial evidence. Rule 8013 establishes the standard of review of a bankruptcy court's findings of fact. Findings of fact are reviewed by the district court under a "clearly erroneous" standard. *Bankr. R. 8013*. A

finding of fact is clearly erroneous when, after reviewing the evidence, the reviewing court is left with the "definite and firm conviction that a mistake has been committed." *In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir. 1991) (internal quotations omitted). Additionally, the District Court is to give "due regard" the bankruptcy court's opportunity to judge the credibility of the witnesses. *Bankr. R. 8013*.

Appellants' reliance on Rule 8013 is misplaced. The Bankruptcy Court concluded, after hearing "extensive testimony" from Mr. Paolino, and after ample opportunity to observe the credibility and demeanor of the witness, that it had sufficient evidence before it to reach a decision. It also determined that further evidence (from any party) would be a waste of time. Rule 8013 does not prevent a court from ending a witness's testimony after it has determined the testimony is a waste of judicial resources.

Rather, Rule 8013 should be read together with Federal Rule of Evidence 611. As discussed above, Rule 611(a) governs the mode and order of witness interrogation and allows the court to exercise control of witness testimony to avoid needless consumption of time. Reading these rules together, the Bankruptcy Courts was within its power to terminate Mr. Paolino's testimony. Further, this Court should give due regard to the Bankruptcy Court's observation that Mr. Paolino's testimony was simply "wasting time."

**D. Appellants neither preserved nor provided a sufficient record to sustain this appeal.**

At the hearing, Appellants did not make an offer of proof detailing what Mr. Paolino would have testified to nor explain how additional testimony would assist the court. That failure dooms this appeal. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 177-78 (1988) (Rule 103(a)(2) requires offer of proof to preserve for review perceived error excluding evidence).

Moreover, Appellants did not designate a transcript of the June 27, 2007 hearing, including the testimony of Mr. Paolino at issue here, as part of the appellate record.[1] An appellant bears the burden to ensure that the record is transmitted to the District Court. *LC Gen. 109(f)(6); Bankr. R. 8006, 8007*. Without an offer of proof or the transcript, there is nothing for the Court to review on appeal.

Even assuming, *arguendo*, that Appellants preserved the issue for appeal, they have not demonstrated facts sufficient to show that the Bankruptcy Court was clearly erroneous in terminating the testimony of Mr. Paolino. The only record preserved for this appeal relevant to Mr. Paolino's testimony is the Bankruptcy Court's express finding in the June 29, 2007 Order that Appellants were "wasting time."

## IV. CONCLUSION

The Bankruptcy Court's June 27, 2007 Order compelling Appellants to provide Appellee with keys for access to the Property should be upheld because the Bankruptcy Court acted within its power when it terminated the June 27th hearing, and Appellants failed to sufficiently preserve the issue for appeal.

Respectfully submitted:
Joseph M. DiOrio,
Trustee of Arnold Kilberg
By his Attorneys,

/s/ Gardner H. Palmer, Jr.

Joseph M. DiOrio (#2616)
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
401 632-0911 / Fax: 401 632-0751
jmdiorio@dioriolaw.com
ghpalmer@dioriolaw.com

Date: November 19, 2007

[1] Both Appellee and presumably the Court are hampered by Appellants' failure to designate and submit the hearing transcript as part of the appellate record.

**CERTIFICATION**

I hereby certify that I electronically served a copy of the within Brief of Appellee on the following counsel and/or parties using the CM/ECF system on the 19th day of November, 2007.

William J. Delaney, Esq.
Reavis Cianciolo LLC
55 Dorrance Street, Suite 200
Providence, RI 02903
wdelaney@rc-legal.com

Richard A. Licht, Esq.
Tillinghast Licht, LLP
10 Weybosset Street
Providence, RI 02903
rlicht@tllaw.com