**Law Office of Joseph M. DiOrio, Inc.**

10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Phone: (401) 632-0911
Fax: (401) 632-0751

VIA FACSIMILE (401) 456-1210

Joseph M. DiOrio
*Admitted in RI and MA*
jmdiorio@diorolaw.com

May 17, 2007

William J. Delaney
Tillinghast Licht Perkins Smith & Cohen
Ten Weybosset Street
Providence, Rhode Island 02903-2818

Re: 165 Angel/ Kilberg

Dear Bill:

I plan to meet Steve Lewinstein at 165 Angell on May 29, 2007, to inspect the property. Please advise as to whether 56 & 57 Associates will cooperate in connection to the showing of the property.

Keep in mind that I do not have any keys and that I will need someone from 56 or 57 Associates to permit access and inspection.

Thank you for your anticipated cooperation.

Very truly yours,

Joseph M. DiOrio, Trustee

JMD:kmo

ALL-STATE LEGAL® Exhibit A

TILLINGHAST LICHT LLP
ATTORNEYS AT LAW SINCE 1818

William J. Delaney
Direct Dial: 401/456-1225
E-Mail: wdelaney@tllaw.com

CONFIDENTIAL COMMUNICATION
ATTORNEY/CLIENT PRIVILEGE

May 18, 2007

VIA FACSIMILE 632-0751

Joseph M. DiOrio, Esq.
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903

Re: Paolino/Kilberg

Dear Joe:

Thank you for you letter of May 17, 2007 in connection with the above.

Please be advised that neither of my clients had keys to either the bar or the restaurant; therefore, I would suggest that you take those steps necessary as the owner of an undivided one-half (½) interest in the property to gain access for viewing purposes on May 29th.

If you have any questions or comments relative to the points herein, please do not hesitate to contact me.

Very truly yours,

Bill Delaney

William J. Delaney

cc: Joseph Paolino, Sr. (via fax 751-7088)
Joseph Paolino, Jr. (via fax 751-7088)

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM:iManage:447169:1

ALL-STATE LEGAL®
Exhibit B

Law Office of Joseph M. DiOrio, Inc.

10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Phone: (401) 632-0911
Fax: (401) 632-0751

Gardner H. Palmer, Jr., Esq.
ghpalmer@dioriolaw.com

May 21, 2007

VIA FACSIMILE

William J. Delaney, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903

Re: *In re Arnold Kilberg, 04-10632, Adv. Pro. No. 05-01011*

Dear Bill:

We understand that Mr. Paolino has taken the position that he is unable to provide access to the premises at 165 Angell Street in order to allow prospective purchasers to view the property. It is our understanding that Mr. Paolino is the property manager and his company receives an above market fee for doing so. Mr. Paolino is the party with the relationship with the tenants. He has been able to gain access to the property for others in the recent past, including his appraiser. In light of these factors, please let us know whether Mr. Paolino will reconsider his ability to assist with the showing of the property or if we must enlist the aid of the Court to do so.

With respect to the tax abatement proceedings, Mr. Paolino previously took the position in the Bankruptcy Court that the property was worth only $865,000. Under those circumstances, abatement would be appropriate. We now understand it to be Mr. Paolino's position in the pending adversary position that the Court must make a determination of the value of the property and he presented evidence that the value was $2.1 million. If the Court, in fact, makes a value finding, the Trustee does not want to be a party to a tax abatement proceeding that seeks to persuade an administrative body or court of a materially different value.

Very truly yours,

Gardner H. Palmer, Jr.

GHP, Jr.

Cc: Joseph M. DiOrio, Esq.

TL
ATTORNEYS AT LAW SINCE 1818

William J. Delaney
Direct Dial: 401/456-1225
E-Mail: wdelaney@tllaw.com

CONFIDENTIAL COMMUNICATION
ATTORNEY/CLIENT PRIVILEGE

May 30, 2007

VIA FACSIMILE 632-0751

Joseph M. DiOrio, Esq.
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903

Re: Paolino/Kilberg/165 Angell Street, Providence, RI

Dear Joe:

My client called me last evening to let me know that seems to be some problem with your office concerning accessability to the Angell Street property (the "Property") for purposes of letting Steve Lewinstein inspect same.

I do want to reiterate that my client is not trying to thwart your ability to show the Property to any third-party relative to his interest in selling his undivided one-half interest in the Property. If we need to go to Bankruptcy Court to have Judge Votolato be the arbiter concerning your issues with my client, please know that I will strongly advocate my client's position that all of these activities are a gigantic waste of time (and expense). No disrespect Joe, but lets get this inspection done as quickly and painlessly as possible.

I await to hear from you.

Very truly yours,

Bill

William J. Delaney

cc: Joseph Paolino, Sr. (via fax 751-7088)
Joseph Paolino, Jr. (via fax 751-7088)

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;447665;1

Law Office of Joseph M. DiOrio, Inc.

10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Phone: (401) 632-0911
Fax: (401) 632-0751

Gardner H. Palmer, Jr., Esq.
ghpalmer@dioriolaw.com

May 31, 2007

VIA FACSIMILE

William J. Delaney, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, RI 02903

Re: *In re Arnold Kilberg, 04-10632, Adv. Pro. No. 05-01011*

Dear Bill:

In response to your letter yesterday to the trustee, we filed our motion to access 165 Angell Street with the bankruptcy court because the property manager advised us that it could not provide complete access to the building for an inspection as it had done in the past, in particular with Brown University. If the property manager can provide access to the commercial building space during non-business hours for a complete inspection and provide access to one or two representative apartments on each floor on a date in the near future that is agreeable to Mr. Lowenstein, the trustee and the tenants, please let us know and we will withdraw our motion. We must have advance notice of the date so that arrangements can be made with the prospective buyer; thus, we cannot have a situation where we are required to call the morning of the inspection to confirm our ability to access the building as we were told with respect to the apartments.

Please let us know as soon as possible if the property manager will arrange for complete access to the building so that we can determine if we are able to withdraw our motion. Thank you.

Very truly yours,

Gardner H. Palmer, Jr.

GHP, Jr.

Cc: Joseph M. DiOrio, Esq.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **In re:**<br>**Arnold Kilberg,**<br>**Debtor** | **Case No. 04-10632-ANV**<br>**Chapter 7** |
| **Joseph M. DiOrio, Chapter 7 Trustee of Arnold Kilberg,**<br>**Plaintiff,**<br>**v.**<br>**56 Assoc., A Rhode Island Limited Partnership and 57 Assoc., A Rhode Island Limited Partnership,**<br>**Defendants.** | **Adv. Pro. No. 05-01011** |

## MOTION TO COMPEL DEFENDANTS TO ARRANGE FOR FULL ACCESS TO PROPERTY

Plaintiff, Joseph M. DiOrio (the "Trustee"), moves this Court to compel Defendants 56 Assoc. and 57 Assoc., in their capacities as co-owners and property manager, to arrange for full access for the Trustee and a prospective purchaser of the Trustee's interest in the real estate co-owned by the Trustee and Defendants at 165 Angell Street, Providence, Rhode Island (the "Property"). As grounds therefor, the Trustee states as follows:

1. Joseph M. DiOrio is the duly appointed Chapter 7 Trustee of Arnold Kilberg (the "Debtor") pursuant to an Order of the United States Bankruptcy Court for the District of Rhode Island.

2. Defendants, 56 Assoc. and 57 Assoc., are both Rhode Island limited partnerships with offices at 57 Eddy Street, Providence, Rhode Island.

3. The Estate of Arnold Kilberg (the "Estate") owns an undivided one-half interest in the Property as a tenant in common with Defendants. The Trustee holds all right, title, and interest in the one-half interest in the Property on behalf of the Estate.

4. Defendants each own an undivided one-quarter interest in the Property as tenants in common.

5. Defendant 56 Assoc. is and has been the manager of the Property for many years. For the year ended December 31, 2006, 56 Assoc. received $18,264.00 in management fees, half of which was paid by the Trustee. The 2006 management fee was 10.2% of the Property's income. The Trustee continues to pay half of the management expenses of the Property in 2007. These management fees are paid out of the income of the Property without consultation with the Trustee.

6. Defendant 56 Assoc. has historically interacted with the Property's tenants, including negotiating leases and arranging access to the Property for prospective commercial and residential tenants.

7. Defendant 56 Assoc. has also arranged extended full access to the commercial and residential space in the past for Brown University, a one-time prospective purchaser of the Estate's interest and currently a prospective purchaser of the entire interest.

8. Defendant 56 Assoc. has also arranged access to the Property for certain experts who have visited the Property.

9. By letter dated May 17, 2007, the Trustee advised Defendants 56 Assoc. and 57 Assoc. that a prospective purchaser of the Trustee's interest, and potentially the entire interest, would like access to the Property to conduct an inspection. The requested time was May 29, 2007 at 2:00 p.m. The prospective purchaser is an active participant in the East Side real estate

market according to testimony that Defendant presented in the recently completed §363(h) trial. A true copy of the Trustee's letter to Defendants is attached as Exhibit A.

10. Defendants 56 Assoc. and 57 Assoc. have advised the Trustee that they do not have keys and are unable to arrange for access to the commercial space of the Property. Defendants aver that they are unable to make arrangements with the commercial tenants to provide access during non-business hours despite their ability to do so in the past. They recommend that the Trustee take the steps of a 50% owner to gain access to the Property. A true copy of Defendants' May 18, 2007 response is attached as Exhibit B.

11. In follow up written and oral communications, the Property manager, 56 Assoc., has reiterated its inability to obtain access and has suggested that the Trustee and the prospective purchaser visit the commercial establishment during their normal operating hours as customers. Defendant 56 Assoc. indicated that it may be able to provide access to one of the residential units if the Trustee calls to confirm on the morning of the desired inspection date.

12. The Trustee does not believe that "access" to the space during normal business hours is sufficient for a proper showing of the Property, and the Trustee believes he will be unable to show the prospective purchaser the entire building, including kitchens and other space that is typically inaccessible to customers during normal business hours. The Trustee believes that the inability to properly show the Property will harm the Estate by chilling interest in the sale of the Property.

13. The Trustee contends that, as Property manager, 56 Assoc. and/or Defendants have a duty to cooperate with the Trustee to arrange and facilitate full access to the Property upon reasonable notice such as has been given by the Trustee in this instance.

WHEREFORE, the Trustee respectfully requests that this Court:

(a) Issue an order to compel Defendants to arrange for full access to the Property so that the Trustee can show the Property to the prospective purchaser;

(b) Or alternatively, require Defendants to show cause as to why such access cannot be arranged as it has been in the past;

(c) If Defendants cannot show cause, order Defendants to pay the Trustee's fees and costs associated with this motion; and

(d) Grant such other relief that this Court deems just and proper.

Respectfully submitted,
JOSEPH M. DIORIO,
Chapter 7 Trustee of Arnold Kilberg

/s/ Joseph M. DiOrio
Joseph M. DiOrio (#2616)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Tel: (401) 632-0911
Fax: (401) 632-0751

Dated: May 23, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2007 I electronically filed this Motion to Compel Defendants to Arrange for Access to Property with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/EMF System. The following participants have received notice electronically:

William J. Delaney
wdelany@tlslaw.com, mmorrison@tlslaw.com, rarsac@tlslaw.com

and the following participants have received notice via first class mail, postage pre paid.

William O'Gara
Pannone Lopes & Devereaux
1800 Financial Plaza
Providence, RI 02903

/s/ Stephanie P. Thomas

**Law Office of Joseph M. DiOrio, Inc.**

10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Phone: (401) 632-0911
Fax: (401) 632-0751

VIA FACSIMILE (401) 456-1210

Joseph M. DiOrio
*Admitted in RI and MA*
jmdiorio@dioriolaw.com

May 17, 2007

William J. Delaney
Tillinghast Licht Perkins Smith & Cohen
Ten Weybosset Street
Providence, Rhode Island 02903-2818

Re: 165 Angel/ Kilberg

Dear Bill:

I plan to meet Steve Lewinstein at 165 Angell on May 29, 2007, to inspect the property. Please advise as to whether 56 & 57 Associates will cooperate in connection to the showing of the property.

Keep in mind that I do not have any keys and that I will need someone from 56 or 57 Associates to permit access and inspection.

Thank you for your anticipated cooperation.

Very truly yours,

Joseph M. DiOrio, Trustee

JMD:kmo

ALL-STATE LEGAL® Exhibit A

TILLINGHAST LICHT LLP
ATTORNEYS AT LAW SINCE 1818

William J. Delaney
Direct Dial: 401/456-1225
E-Mail: wdelaney@tllaw.com

CONFIDENTIAL COMMUNICATION
ATTORNEY/CLIENT PRIVILEGE

May 18, 2007

VIA FACSIMILE 632-0751

Joseph M. DiOrio, Esq.
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903

Re: Paolino/Kilberg

Dear Joe:

Thank you for you letter of May 17, 2007 in connection with the above.

Please be advised that neither of my clients had keys to either the bar or the restaurant; therefore, I would suggest that you take those steps necessary as the owner of an undivided one-half (½) interest in the property to gain access for viewing purposes on May 29th.

If you have any questions or comments relative to the points herein, please do not hesitate to contact me.

Very truly yours,

[signature]

William J. Delaney

cc: Joseph Paolino, Sr. (via fax 751-7088)
Joseph Paolino, Jr. (via fax 751-7088)

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;iManage;447169;1

ALL-STATE LEGAL® Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br>ARNOLD KILBERG,<br>Debtor | Case No. 04-10632-ANV<br>Chapter 7 |
| JOSEPH M. DIORIO, CHAPTER 7<br>TRUSTEE OF ARNOLD KILBERG,<br>Plaintiff | |
| v. | Adv. Pro. No. 05-01011 |
| 56 ASSOC., A Rhode Island<br>Limited Liability Partnership and<br>57 ASSOC., A Rhode Island<br>Limited Liability Partnership,<br>Defendants. | |

OBJECTION AND MEMORANDUM TO MOTION TO COMPEL DEFENDANTS TO ARRANGE FOR FULL ACCESS TO PROPERTY

NOW COME the Defendants in the above-captioned adversary proceeding and hereby object to the Plaintiff's Motion to Compel Defendants to Arrange For Full Access to Property dated May, 23, 2007(the "Motion").

To support their objection, the Defendants respectfully submit that they have undertaken their best attempts to ensure Plaintiff access to 165 Angell Street, Providence, Rhode Island (the "Property") which Property is owned by and between the parties; a one-half undivided interest in the Property for the Plaintiff and one-quarter undivided interest in the Property for each of the Defendants.

As this Court is aware, the Defendants have been managing the Property for years prior to the commencement of the bankruptcy estate of the Debtor; Plaintiff has never been

called upon to manage the Property. Towards that end, the Plaintiff has received during the administration of his interest in the Debtor's estate in the Property certain profits arising from revenues generated from the Property. Plaintiff has had no managerial responsibilities relative to the Property; that has solely been foisted upon the Defendants.

Towards that end, Plaintiff has previously requested that the Defendants permit access to the Property for purposes of inspection by third-parties expressing an interest in purchasing the Plaintiff's interest in the Property. Defendants have complied with the Plaintiff's requests in the past. Within the past month, the Plaintiff has once again requested access to the Property and Defendants, either by themselves, through their designated agent, Joseph R. Paolino, Sr. and/or Defendants counsel have taken those steps necessary to be able to comply with the request as best as can be under the circumstances. The Defendant to not have keys for each of the leased units comprising the Property; that fact has been previously made aware to Plaintiff.

Plaintiff has suggested that the Defendants' efforts, including Joseph R. Paolino, Sr., are not consistent with Plaintiffs alleged reasonable requests. The Defendants respectfully submit that they have complied with the Plaintiffs request and seek a hearing before this Court to explain their position.

In light of the foregoing, the Defendants respectfully request that this Court deny the Motion following the scheduling of a hearing to take testimony of Joseph R. Paolino, Sr. as to his actions undertaken to attempt to comply with the Plaintiff's request for access to the Property.

Respectfully Submitted,
Defendants,
By Their Attorneys,

/s/ William J. Delaney
William J. Delaney (#3643)
Richard A. Licht
Tillinghast Licht LLP
10 Weybosset Street, Suite 1000
Providence, RI 02903
(401) 456-1200; (401) 456-1210 (fax)
wdelaney@tllaw.com
rlicht@tllaw.com

Dated: June 5, 2007

CERTIFICATION

I hereby certify that on the 5th day of June, 2007, a copy of the within Objection and Memorandum was caused to be sent either electronically through the CM/ECF system or by First Class Mail, postage prepaid to the following:

Joseph M. DiOrio, Esq.
55 Dorrance Street
Providence, RI 02903

/s/William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;447907;1

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **In re:**<br>**Arnold Kilberg,**<br>**Debtor** | **Case No. 04-10632-ANV**<br>**Chapter 7** |
| **Joseph M. DiOrio, Chapter 7 Trustee of Arnold Kilberg,**<br>**Plaintiff,**<br>**v.**<br>**56 Assoc., A Rhode Island Limited Partnership and 57 Assoc., A Rhode Island Limited Partnership,**<br>**Defendants.** | **Adv. Pro. No. 05-01011** |

**TRUSTEE'S REPLY TO DEFENDANTS' OBJECTION TO MOTION TO COMPEL DEFENDANTS TO ARRANGE FOR FULL ACCESS TO PROPERTY**

Plaintiff, Joseph M. DiOrio (the "Trustee"), submits this brief reply to the Objection filed by Defendants to the Trustee's motion to compel Defendants 56 Assoc. and 57 Assoc., in their capacities as co-owners and property manager, to arrange for full access for the Trustee and a prospective purchaser of the Trustee's interest in the real estate co-owned by the Trustee and Defendants at 165 Angell Street, Providence, Rhode Island (the "Property"). Defendants assert that they are unable to provide access to the Property because they do not have keys and they have exerted their best efforts under the circumstances.

Article VII of the Liquid Lounge lease provides:

> Tenant agrees to allow Landlord … at all reasonable times and without unreasonably interfering with Tenant's business, to enter the leased premises in order to: … (d) view the leased premises and to show the same to prospective purchasers ….

Similarly, Article 6.4.1 of the Asian Paradise lease provides:

> Landlord shall have the following rights … To inspect the Premises at reasonable times, including before and after business hours; and … to show them … at any reasonable time, to prospective purchasers of the Building.

Thus, the leases, by their terms, give the property manager the legal right to access the Property for the very purpose for which the Trustee has requested access. As property manager, 56 Assoc. and/or Defendants have both the legal and practical ability to arrange and facilitate full access to the Property upon reasonable notice.

Respectfully submitted,

JOSEPH M. DIORIO,
Chapter 7 Trustee of Arnold Kilberg

/s/ Joseph M. DiOrio
Joseph M. DiOrio (#2616)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Tel: (401) 632-0911
Fax: (401) 632-0751

Dated: June 6, 2007

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br><br>ARNOLD KILBERG<br>Debtor | BK No. 04-10632<br>Chapter 7 |
| JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE OF ARNOLD KILBERG<br>Plaintiff<br>v. | A.P. No. 05-1011 |
| 56 ASSOCIATES, a Rhode Island Limited Liability Partnership, and 57 ASSOCIATES, a Rhode Island Limited Liability Partnership<br>Defendants | |

**ORDER**

It is hereby ORDERED that Defendants shall deliver copies of keys to all tenants' premises to the Trustee solely for the purpose of facilitating inspection of the property located at 165 Angell Street, Providence, Rhode Island. The delivery of the keys shall in no way cause either the Trustee or the Defendants to assume any of the indicia of control, custody or dominion of the commercial or residential space of any of the occupants of 165 Angell Street, Providence, Rhode Island.

With respect to such access the Trustee shall comply with the provisions of any applicable leases.

Dated at Providence, Rhode Island, this 27th day of June, 2007.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 6/27/07

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In re: | : | |
| ARNOLD KILBERG<br>Debtor | : | BK No. 04-10632<br>Chapter 7 |
| JOSEPH M. DIORIO, CHAPTER 7 TRUSTEE OF ARNOLD KILBERG<br>Plaintiff | : | |
| v. | : | A.P. No. 05-1011 |
| 56 ASSOCIATES, a Rhode Island Limited Liability Partnership, and 57 ASSOCIATES, a Rhode Island Limited Liability Partnership<br>Defendants | : | |

**ORDER**

On June 14, 2007, the Trustee was authorized to conduct a § 363(h) sale of the property (Doc. No. 127). The Defendants have appealed the Order, and a stay of said order, pending appeal, has not been granted. In connection with his duties as Trustee, including the liquidation of the Debtor's assets, Mr. DiOrio has alleged and clearly established that the Defendants have intentionally interfered with and hindered the Trustee in his efforts to adequately market the property.

Upon consideration of the allegations in the motion, the evidence, and arguments presented at the hearing on the Trustee's Motion to Compel access to the 165 Angell Street property, I find and conclude that the estate should not have to bear the costs of this frivolous and unnecessary litigation.

The Defendants, who are the property managers of the premises receive management fees of at least 10% of the gross rents for

their services. As such, they are required to provide and coordinate access for the co-owner to show the property to prospective purchasers and tenants, without imposing arbitrary and obstructionist conditions. In the circumstances, the Trustee had no alternative but to file and prosecute the instant motion to gain appropriate access to the premises. Accordingly, he is awarded his costs and fees for having to prepare and file the motion, and to litigate the June 27, 2007, hearing, which was terminated sua sponte by the Court after it became obvious that the Defendants were just wasting time. Upon receipt of the Trustee's bill for services herein, the Defendant shall pay the same *forthwith* to the Trustee, or file an objection and memorandum detailing why such fees and costs are unreasonable.

Dated at Providence, Rhode Island, this 29th day of June, 2007.

Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 6/29/2007

Law Office of Joseph M. DiOrio, Inc.

10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903
Phone: (401) 632-0911
Fax: (401) 632-0751

Joseph M. DiOrio
*Admitted in RI and MA*
jmdiorio@dioriolaw.com

VIA ELECTRONIC MAIL AND FIRST CLASS MAIL

July 5, 2007

William J. Delaney, Esq.
Tillinghast Licht LLP
10 Weybosset Street
Providence, Rhode Island 02903

***Re:*** ***Adv. Pro. No. 05-01011***
***165 Angell Street, Providence, Rhode Island (the "Premises")***

Dear Bill:

Pursuant to the Order of the United States Bankruptcy Court for the District of Rhode Island, I enclose a bill for services rendered in connection with our efforts to compel access to the Premises. A copy of the Order is also enclosed.

Please contact me with any questions.

Thank you.

Very truly yours,

Joseph M DiOrio, Chapter 7
Trustee of the Bankruptcy Estate
of Arnold Kilberg, and not
individually

Cc: Gardner H. Palmer Jr., Esq.

*Law Office of Joseph M. DiOrio, Inc.*
10 Dorrance Street, Suite 1200
Providence, Rhode Island 02903

Ph:401-632-0911 Fax:401-632-0751

Joseph DiOrio
10 Dorrance Street
Suite 1200
Providence, Rhode Island
02903

July 5, 2007

**Attention:**

File #: 0002
Inv #: 890

**RE:** Chapter 7 Trustee of the Bankruptcy Estate of Arnold Kilberg

| DATE | DESCRIPTION | HOURS | AMOUNT | LAWYER |
|---|---|---|---|---|
| May-17-07 | Letter to Bill Delaney regarding inspection of 165 Angell. | 0.20 | 73.00 | JMD |
| May-18-07 | Review letters from Mr. Delaney re access to property and tax abatement proceeding; conference with Mr. DiOrio re response strategy | 0.30 | 79.50 | CP |
| May-21-07 | Address lack of cooperation of 56 and 57 Associates re showing the property to Lewinstein. Call with Delaney. | 0.30 | 109.50 | JMD |
| | Letter to Mr. Delaney re access to 165 Angell, tax abatement; telephone conference with Messrs. Delaney and Paolino re access to 165 Angell, tax abatement proceeding | 0.90 | 238.50 | CP |
| May-22-07 | Conference with Mr. Delaney re motion to compel 56/57 to provide access to 165 Angell Street for showing; work on motion to compel | 0.70 | 185.50 | CP |
| May-23-07 | Work on motion to compel inspection of 165 Angell. | 0.20 | 73.00 | JMD |
| | Review 165 Associates General Ledger re property management; work on Motion to Compel Defendants to Arrange for Access | 1.50 | 397.50 | CP |
| | Electronically file Motion to Compel. Effectuate Service. | 0.30 | 37.50 | SPT |

| | | | | |
|---|---|---|---|---|
| May-29-07 | Telephone call from Mr. Lima of Paolino Properties re apartment inspection | 0.10 | 26.50 | CP |
| May-30-07 | Review fax from Steve Lewinstein. Review letter from Delaney re access. Call with Bill Delaney re same. Address response with Mr. Palmer. | 0.60 | 219.00 | JMD |
| | Conference with Mr. DiOrio re issues relating to access to 165 Angell Street, denial of access by property manager | 0.10 | 26.50 | CP |
| May-31-07 | Letter to Mr. Delaney re access to 165 Angell Street | 0.20 | 53.00 | CP |
| Jun-05-07 | Review 56/57's Objection to Motion to Compel Access; conference with trustee re same; review commercial lease provisions; draft Reply Memo | 0.80 | 212.00 | CP |
| Jun-06-07 | Review reply to 56 and 57's objection to my motion to compel. | 0.10 | 36.50 | JMD |
| | Electronically file Trustee's Reply to Defendants' objection to Motion to Compel Defendants to Arrange for Full Access to the Property. Emails with William O'gara, C Palmer and J DiOrio re same. Effectuate service. | 0.30 | 37.50 | SPT |
| Jun-27-07 | Prepare for hearing re access to 165 Angell-address same with Chip Palmer | 0.60 | 219.00 | JMD |
| | Appear at 165 Angell access hearing. Work on order.Discussions with Delaney re order. | 2.00 | 730.00 | JMD |
| | Visit 165 Angell and meet with personnel at Phonetics and deliver order. | 1.00 | 365.00 | JMD |
| | Visit Liquid Lounge later in evening and met with manager and deliver copy of order. | 0.50 | 182.50 | JMD |
| | Review correspondence and pleadings re Motion to Access to 165 Angell; appear for hearing on Motion to Access; conference with Trustee re evidentiary hearing re access; appear for evidentiary hearing | 5.00 | 1,325.00 | CP |
| Jun-29-07 | Review Delaney's letter and respond to same re 165 Angell. | 0.20 | 73.00 | JMD |

| | | | |
|---|---|---|---|
| Review Order re imposition of fees for Motion to Compel. | 0.10 | 26.50 | CP |
| Totals | 16.00 | $4,726.00 | |

**Total Fee & Disbursements** **$4,726.00**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br>ARNOLD KILBERG,<br>Debtor | Case No. 04-10632-ANV<br>Chapter 7 |
| JOSEPH M. DIORIO, CHAPTER 7<br>TRUSTEE OF ARNOLD KILBERG,<br>Plaintiff | |
| v. | Adv. Pro. No. 05-01011 |
| 56 ASSOC., A Rhode Island<br>Limited Liability Partnership and<br>57 ASSOC., A Rhode Island<br>Limited Liability Partnership,<br>Defendants. | |

OBJECTION TO TRUSTEE'S BILL FOR SERVICES RENDERED
AND MEMORANDUM IN SUPPORT THEREIN

NOW COME the Defendants in the above-captioned Adversary Proceeding, and pursuant to an Order of this Court entered on June 29, 2007 (the "Order"), hereby formally objects to the Trustee's bill for services rendered which was served upon him via electronic mail correspondence, dated July 5, 2007 (the "Bill"). The Order provided the Trustee his costs and fees for "having to prepare and file the motion, and to litigate the June 27, 2007 hearing...". The Bill was included in an electronic mail message including a covering letter plus a copy of the Order.

In support of their Objection, the Defendants respectfully submit that the Bill is unreasonably and actually, unnecessary exercise in punishing the Defendants for their alleged obstructive behavior toward the Trustee. This can not be further from the truth. The Defendants have previously cooperated with the Trustee in his efforts to market and sell his interest in 165 Angell Street, Providence, Rhode Island, the subject matter of the instant

adversary proceeding (the "Property"). The recent series of events undertaken by the Trustee concerning the marketing of the Property only reinforces the point that there is a great degree of discord between the parties and the Defendants are bearing the brunt of the said discord at their collective expense before this Court.

The discord between the parties reached the level of the Trustee filing his Motion to Compel Access to the Property (the "Motion"), which Motion was heard by this Court on the afternoon of June 27, 2007 (the "Hearing"). At the Hearing, the Court permitted the complete argument of the Plaintiff while terminating the Defendants ability to present their case responsive to the Motion. Had the Defendants been able to put their case on before the Court, they would have presented testimony that they have steadfastly never intentionally interfered with and/or hindered the Trustee in his efforts to adequately market the Property. The Defendants have not and never intentionally thwarted the Trustee in carrying out his charge regarding the Property.

Further, the Defendants respectfully submit that this Court should examine the fees as set forth in the Bill and determine whether or not they comport with prior rulings of this Court relative to the *lodestar* approach relative to determining the reasonableness of them. In addition, the Defendants respectfully request that the Court examine the time records to ascertain whether they are consistent with the Order as to time for preparing, filing and litigating the Motion.

For these reasons, the Defendants object to payment of the fees and seek an immediate hearing on their objection. Notwithstanding the preparation and filing of this objection by their counsel, the Defendants respectfully assert that they are filing this objection in good faith, without any intention to hinder or defraud these proceedings.

Respectfully Submitted,
Defendants,
By Their Attorneys,

/s/ William J. Delaney
William J. Delaney (#3643)
Richard A. Licht
Tillinghast Licht LLP
10 Weybosset Street, Suite 1000
Providence, RI 02903
(401) 456-1200; (401) 456-1210 (fax)
wdelaney@tllaw.com
rlicht@tllaw.com
Dated: July 5, 2007

CERTIFICATION

I hereby certify that on the 5th day of July, 2007, a copy of the within Objection and Memorandum was caused to be sent either electronically through the CM/ECF system or by First Class Mail, postage prepaid to the following:

Joseph M. DiOrio, Esq.
10 Dorrance Street
Providence, RI 02903

/s/William J. Delaney

@PFDesktop\::ODMA/MHODMA/TLSDMS.TLSLAW.COM;imanage;449162;1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:<br>ARNOLD KILBERG,<br>Debtor | Case No. 04-10632-ANV<br>Chapter 7 |
| JOSEPH M. DIORIO, Chapter 7 Trustee of Arnold Kilberg,<br>Plaintiff,<br>v.<br>56 ASSOC., A Rhode Island Limited Partnership and 57 ASSOC., A Rhode Island Limited Partnership,<br>Defendants. | Adv. Pro. No. 05-01011 |

**ORDER DENYING DEFENDANTS' OBJECTION TO TRUSTEE'S BILL FOR SERVICES**

Upon consideration of the Defendants' Objection to Trustee's Bill for Services Rendered and Memorandum in Support Thereof (the "Objection") and after a hearing thereon and for the reasons stated by the Court in its bench decision which are incorporated by reference herein, the Objection is OVERRULED and DENIED. The Trustee's fees are approved and Defendants are ordered to pay the Trustee's fees in the amount of $4,726.00 forthwith.

ORDER: ENTER:

_______________________ _______________________

Arthur N. Votolato
U.S. Bankruptcy Judge

Presented by:

/s/ Gardner H. Palmer, Jr.
Gardner H. Palmer, Jr. (#3707)
Law Office of Joseph M. DiOrio, Inc.
10 Dorrance Street, Suite 1200
Providence, RI 02903